No. 3759.—CHARLES LAFITTE et al. v. MRS. M. C. DAIGRE et al.

A judicial sale of the property of the widow to pay her indebtedness to her minor children as their tutrix, is not a simulation merely, and can not therefore be disregarded by the creditors of the widow. If the creditors wish to attack such a sale on the ground of fraud they must bring their action within one year, otherwise it is prescribed.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *Posey, J. Favrot & Lamon* and *White* and *Robertson*, for plaintiffs and appellants. *Samuel P. Greves* and *A. S. Herron*, for defendants and appellees.

TALIAFERRO, J. The issues involved in this case, with the exception perhaps of one only, have been presented for the consideration of this court in two cases against the same defendants, at the suit of E. Fendler. See 19 An. 190 and 22 An. 239.

In this case the plaintiffs attack the account rendered to her children in 1861, the adjudication to herself at that time of certain property alleged to have belonged to her husband, and seek to have declared null, as simulated and fraudulent, the alienations and transfers of property made under sanction of the decree promulgating her account of tutorship.

It appears that Gilbert Daigre, husband of Mrs. Mary Daigre, one of the defendants, died in the year 1859. Mrs. Daigre became the tutrix of her minor children and in that capacity administered the

estate. She caused to be adjudicated to herself by due legal proceedings the property belonging to her minor children, and this adjudication was homologated in April, 1860. In March, 1861, she filed a provisional account of the tutorship and therein charged herself as indebted to her three minor children in the sum of $31,879 each. In 1865 she filed her final account. In her petition she sets out that since the filing of her provisional account she has had no further account to render, and prays to be authorized to settle with the heirs on the basis of the provisional account. After due notice the account was homologated in May, 1865. By the exhibit made, the tutrix owed two of the children the sum of $63,758, for which they held a special mortgage on the Mulberry Grove plantation, under the judgment of the court homologating the account Mulberry Grove was sold at probate sale and was bought by Gilbert and Lucy, the two heirs to whom she was indebted. The property brought $23,000. In further satisfaction of the judgment Mrs. Daigre made a transfer of her interest in certain notes and movables amounting to $16,735. Subsequently, in further satisfaction of the judgment, a house and lot in Baton Rouge was sold and brought $1323, leaving a balance due of $22,700.

The plaintiffs hold claims against Mrs. Daigre arising from obligations contracted by her in the year 1863. These claims were sued upon and judgments obtained upon them in 1865. The two sales and the transfer made in satisfaction of the judgment obtained by the heirs against Mrs. Daigre, took place early in August, 1865, and the plaintiffs' judgments were not rendered until the month of December following. This action to annul and set aside the various acts complained of by the creditors was not begun until the year 1870.

The creditors urge that the property they allege the defendant, Mrs. Daigre, sought to screen from their pursuit is more than sufficient to pay the whole amount she may justly owe the heirs upon a just settlement with them.

They allege that a large amount of the adjudication to the widow, in 1860, was illegally made up of the separate property of her husband which she had no legal right to have adjudicated to her. They also contend that a large part in value of the property of the community which was legally adjudicated to her was composed of slaves, and to the extent of their value she was under no obligation to pay the heirs anything.

The defendants make a general denial and plead the prescription of one year in bar of the plaintiffs' action to disturb the sales and transfer of the property they acquired in payment of their claims against Mrs. Daigre. There was judgment in favor of the defendants and the plaintiffs have appealed.

It is clear that the acts sought to be annulled and set aside in order

to subject the property transferred to the payment of the creditors are not simulated transactions. The plaintiffs indirectly admit the indebtedness of Mrs. Daigle to her children, growing out of the adjudication to her of their property in 1860, two or three years before she became indebted to the plaintiffs. At the time she filed her provisional account in 1861, she was wealthy, and if indebted at all to other persons than her own children, whose half of a large community estate unincumbered, she had acquired, the indebtedness was insignificant compared with the ample means she then possessed. The acts complained of are without doubt actual and real contracts, notwithstanding they may be fraudulent in the matter of running up fictitiously a larger indebtedness than really existed, in order to cover all the property of the debtor from the reach of the suing creditors.

The prescription of one year within which the revocatory action must be brought therefore prevails in this case against the plaintiffs. Civil Code, articles 1987, 1994, 1978. The simulated sale transfers no title, it is not a contract, a mere spectre, an empty shadow without substance, an airy nothing, presenting no barrier to the creditor in pursuit of his pledge, the property of his debtor. The actual though fraudulent contract is an impediment in his way which he is compelled to remove before he can continue his pursuit, and he must set about the work of removal within a year after it is interposed, otherwise the barrier becomes immovable.

The judgment of the lower court is correct, and it is therefore ordered that it be affirmed with costs.

Rehearing refused.